115950.1
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHLOÉ, a division of RICHEMONT NORTH :
AMERICA, INC. and CHLOÉ, S.A., :
  :
           Plaintiffs, :
  :
    v. :
  :
QUEEN BEE OF BEVERLY HILLS, LLC, :
SUN-EYE PRODUCTIONS, INC., :
REBECCA RUSHING aka REBECCA GRELIER, :
SIMONE UBALDELLI, JENNIFER SUNS :
and JOHN DOES 1- 20, :
  :
           Defendants. :
-----------------------------------------------------------x





Civil Action

No. 06 CV 3140

JUDGE HOLWELL

**COMPLAINT**

Plaintiffs Chloé, a division of Richemont North America, Inc. and Chloé, S.A. (collectively "Chloé or "plaintiff"), through their attorneys, complaining of the Defendants alleges as follows:

## COUNT I

### Jurisdiction and Venue

1. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1), and is for the infringement of trademarks registered in the United States Patent and Trademark Office. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### The Parties

2. Plaintiff Chloé, a division of Richemont North America, Inc., is a Delaware corporation, having its executive offices and place of business at 730 Fifth Avenue, New York, New York ("Chloé NA").

3. Plaintiff Chloé, S.A. is a French corporation, having its principal office and place of business at 517 Avenue Percier, 75008 Paris, France ("Chloé SA"). For the purposes of this Complaint, except where specified, Chloé NA's and Chloé SA's interests herein are as a practical matter identical, and they are referred to collectively and interchangeably as "Chloé."

4. Defendant Queen Bee of Beverly Hills, LLC ("Queen Bee") is a limited liability corporation with a place of business at 170 South Beverly Drive, Suite 305, Beverly Hills, California, and The Village on Whitesburg, 4800 Whitesburg Drive and 21 Ledge View Drive, both Huntsville, Alabama and is registered with the Alabama Secretary of State as a limited liability company. Upon information and belief, Queen Bee does business under the name *QueenBeeofBeverlyHills.com* and *QueenBeeBeverlyHills.com*. Upon further information and

belief, Queen Bee is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. Queen Bee is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

5. Defendant Sun-Eye Productions, Inc. ("Sun-Eye") is an entity with a place of business at 4800 Whitesburg Drive, Huntsville, Alabama. Upon information and belief, Sun-Eye does business under the name Callie Allie's and *CallieAllies.com*. Upon further information and belief, Sun-Eye is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. Sun-Eye is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

6. Upon information and belief, defendant Rebecca Rushing ("Rushing") also known as Rebecca Grelier is an individual who is an officer or other managing agent of Queen Bee, having and office and place of business at 21 Ledge View Drive, Huntsville, Alabama 35802, and 170 S. Beverly Dr., Suite 305, Beverly Hills, CA 90212 and is, upon further information and belief, a conscious dominant and active force behind the wrongful acts of Queen Bee complained of herein, which wrongful acts she has engaged in for the benefit of Queen Bee and for her own individual gain and benefit. Defendant Rebecca Rushing is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

7. Upon information and belief, defendant Simone Ubaldelli ("Ubaldelli") is an individual who is an officer or other managing agent of Queen Bee, having and office and place of business at 170 S. Beverly Dr., Suite 305, Beverly Hills, CA 90212 and is, upon further

information and belief, a conscious dominant and active force behind the wrongful acts of Queen Bee complained of herein, which wrongful acts has engaged in for the benefit of Queen Bee and for his own individual gain and benefit. Defendant Simone Ubaldelli is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

8. Upon information and belief, defendant Jennifer Suns ("Suns") is an individual who is an officer or other managing agent of Queen Bee and Sun-Eye, having and office and place of business at 4800 Whitesburg Drive, Huntsville, Alabama and is, upon further information and belief, a conscious dominant and active force behind the wrongful acts of Queen Bee and Sun-Eye complained of herein, which wrongful acts she has engaged in for the benefit of Queen Bee and Sun-Eye and for her own individual gain and benefit. Defendant Jennifer Suns is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

9. Upon information and belief, defendants John Does 1-10 are individuals who are officers or other managing agents of one of the entities named above and are a conscious dominant and active force behind the wrongful acts of their respective companies complained of herein, which wrongful acts they have engaged in for the benefit of such companies and for their own individual gain and benefit. Defendants John Does 1-10 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court.

10. Upon information and belief, defendants John Does 11 - 20 are individuals or entities who are suppliers of the aforementioned defendants and have sold to said defendants one or more items infringing of plaintiffs' rights as set forth more fully herein. Alternatively, John Does 11 - 20 are individuals who are officers or other managing agents of such suppliers and are

4

each a conscious dominant and active force behind the wrongful acts of such suppliers, which wrongful acts they have engaged in for the benefit of these suppliers and for their own individual gain and benefit. Defendants John Does 11 – 20 are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court. All the aforementioned defendants are collectively referenced herein as "Defendants."

Plaintiff's World-Famous Trademarks

11. Plaintiff Chloé has designed, produced, marketed and sold high quality goods, including women's clothing and accessories, and other high quality consumer goods under its famous CHLOÉ trademark (the "Chloé Trademark") for many years in the United States and in many foreign countries. Chloé is the owner of numerous trademark registrations for its Chloé Trademark (the "Chloé Registration") in the United States and other countries. Chloé owns federal trademark registrations for CHLOE and CHLOÉ in the United States, for clothing, clothing accessories, fabrics, watches, jewelry, perfume, cosmetic products, leather goods and other items, including the following registration: Registration No. 1,491,810 for handbags, purses and other items listed therein. A copy of such registration is attached as Exhibit A to the Complaint.

12. The Chloé Registration is in full force and effect; and, the trademarks thereof and the goodwill of the business of plaintiff Chloé in connection with which the trademarks are used, have never been abandoned and are licensed throughout the United States and elsewhere throughout the world by plaintiff Chloé and through related companies. Plaintiff Chloé intends to continue to preserve and to maintain its rights with respect to the Chloé Trademark and in the

Chloé Registration and to make use of the Chloé Trademark in connection with all aspects of its business and, in particular, in all aspects of styling, manufacturing, selling, merchandising, promoting, and displaying of wearing apparel, jewelry, handbags, fashion accessories and related services.

13. The diverse articles of wearing apparel, jewelry, fashion accessories, handbags and other products sold by plaintiff Chloé and its related companies and licensees under the Chloé Trademark have been widely advertised to the purchasing public and to the trade throughout the United States by all means and all types of advertising media, including newspapers, magazines, trade publications, and the like.

14. Chloé has advertised its CHLOÉ products in the United States, for example, in magazines such as Vogue, USA, Harper's Bazaar, Elle, and Women's Wear Daily. As a result of plaintiff's continuous and extensive use and promotion of its CHLOÉ mark, the CHLOÉ mark has become famous in the United States and elsewhere, and has acquired enormous goodwill as a mark identifying quality good provided by Chloé.

15. By virtue of the wide renown acquired by the Chloé Trademark, coupled with the wide geographic distribution and extensive sale of various items distributed under this trademark, the Chloé Trademark has developed a secondary meaning and significance in the minds of the purchasing public and products bearing such marks and name are immediately identified by the purchasing public with plaintiff Chloé.

Defendants' Infringing Activities

16. Long after plaintiff Chloé's adoption and use of the Chloé Trademark on handbags and purses and long after plaintiff Chloé's federal registration of the Chloé Trademark, Defendants, on information and belief, engaged in the offer for sale, sale, advertising and distribution of at least handbag items, bearing copies of the Chloé Trademark, which items are not genuine and are counterfeit.

17. On information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of plaintiff Chloé's registered trademarks, are in total disregard of plaintiff Chloé's rights and were commenced and have continued in spite of defendants' knowledge that the use of the Chloé Trademark or a copy or a colorable imitation thereof was and is in direct contravention of plaintiff Chloé's rights.

19. The use by Defendants of copies of the Chloé Trademarks has been without the consent of plaintiff Chloé, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that defendants are authorized by, approved by, sponsored by, or connected with plaintiff Chloé.

20. Plaintiff Chloé has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT II

21. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce of false

designations of origin and false descriptions and representations. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

22. Plaintiff Chloé repeats and realleges the allegations contained in the foregoing paragraphs, as if fully set forth herein.

23. Defendants have affixed, applied, or used in connection with the sale of his goods, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by defendants are sponsored by, authorized by or connected with plaintiff Chloé.

24. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional uses, appropriations and infringements of plaintiff's Chloé Trademark; completely and deliberately disregard plaintiff Chloé's rights and were commenced and have continued in spite of defendants' knowledge that the use of a simulation or colorable imitation of the Chloé Trademark was and is in direct contravention of plaintiff Chloé's rights.

25. Upon information and belief, Defendants have marketed, distributed and sold goods in connection with a colorable imitation and simulation of the Chloé Trademark with the express intent of causing confusion and mistake, of deceiving and misleading the purchasing public to buy and otherwise trade in its products in the erroneous belief that they were relying upon the reputation of plaintiff Chloé; and in so doing, the Defendants improperly appropriated the valuable trademark of plaintiff Chloé.

26. Plaintiff Chloé has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Fifty Thousand Dollars ($25,000).

## COUNT III

27. This claim is for deceptive acts in the conduct of business, trade or commerce in violation of N.Y. General Business Law § 349. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and pursuant to 28 U.S.C. § 1367 under the doctrine of supplemental jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

28. Plaintiff Chloé repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

29. The use by Defendants of a confusingly similar mark is likely to injure the business reputation of Plaintiff Chloé by causing the trade and purchasing public to believe that Defendants are authorized by, sponsored by, approved by or connected with plaintiff Chloé.

30. The sale and offer for sale by Defendants of counterfeit items to the purchasing public works a fraud and deception upon the public, which ordinarily cannot distinguish Defendants' counterfeit goods from plaintiff's genuine goods, and is thus in contravention of the public interest.

31. Plaintiff Chloé has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of defendants complained of herein in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

COUNT IV

32. This claim arises under the common law of this State relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and pursuant to 28 U.S.C. § 1367 under the doctrine of supplemental jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

33. Plaintiff Chloé repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

34. As more fully set forth above, the Chloé Trademark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with plaintiff Chloé. The purchasing public is likely to attribute to plaintiff Chloé the use by Defendants of the Chloé Trademark as a source of authorization and/or sponsorship for Defendants' business.

35. On information and belief, Defendants have intentionally appropriated the Chloé Trademark with the intent of causing confusion, mistake, and deception as to its relationship with plaintiff Chloé, and with the intent to palm itself off as being authorized by, sponsored by, approved by or connected with plaintiff Chloé, and, as such, Defendants have committed trademark infringement and unfair competition under the common law of this State.

36.     Plaintiff Chloé has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

WHEREFORE, plaintiff Chloé demands:

I.      That a preliminary and permanent injunction be issued enjoining defendants' agents, servants, employees, and attorneys and those persons in active concert or participation with them:

> a.  From using the Chloé Trademark or any mark similar thereto in connection with the sale of any goods;
>
> b.  From using any logo, trade dress, trade name, or trademark, which may be calculated, to falsely represent or which has the effect of falsely representing that the services or products of defendant or third parties are sponsored by, authorized by, or in any way associated with plaintiff Chloé;
>
> c.  From infringing plaintiff Chloé's registered trademarks;
>
> d.  From otherwise unfairly competing with plaintiff Chloé; and
>
> e   From falsely representing themselves as being connected with plaintiff Chloé or sponsored by or approved by or associated with plaintiff Chloé or engaging in any act that is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that defendant is, in any way, associated with plaintiff Chloé.

II. That Defendants be ordered to conduct a voluntary recall of all counterfeit goods sold by them to their customers, by providing written notice to their customers that such goods were counterfeit, and offering such customers a full refund of the purchase price, with shipping costs to be paid by defendant.

III. That Defendants be required to account to plaintiff Chloé for all profits and damages resulting from defendants' infringing activities, or, in the alternative, that statutory damages be awarded to plaintiff Chloé as provided by 15 U.S.C. § 1117(c), and that the award to plaintiff Chloé be increased as provided for under 15 U.S.C. § 1117.

IV. That plaintiff Chloé has a recovery from Defendants of the costs of this action and plaintiff Chloé's reasonable counsel fees.

V. That plaintiff Chloé has all other further relief as the Court may deem just and proper under the circumstances.

Dated: April 21, 2006
New York, New York

Respectfully submitted,
KALOW & SPRINGUT LLP

By: _____
Milton Springut (MS6571)
Tal S. Benschar (TB0838)
Attorneys for Plaintiffs